RODRÍGUEZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF PAOLI, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2642—Decided February 9, 1923.

WORKMEN'S ACCIDENT COMPENSATION—DAMAGES—NEGLIGENCE—PLEADING.—The plaintiff not having alleged in his complaint that the defendant was employing less than three workmen at the time of the accident, so as to establish that the said plaintiff was not bound to submit himself to the provisions of the Workmen's Accident Compensation Act of February 25, 1918, he had to allege that he had received no compensation under that act and that the injuries suffered were the result of the wrongful act or the criminal negligence of his employer in order to make the complaint adduce facts sufficient to constitute a cause of action for the recovery of damages from the defendant.

The facts are stated in the opinion.
*Mr. L. Torres Grau* for the appellant.
*Messrs. López de Tord & Zayas Pizarro* for the appellees.
MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment dis-missing his complaint.

The appellees pleaded below and plead here that the complaint does not allege facts sufficient to constitute a cause of action and if they are right the action can not be maintained; therefore, an analysis of the material allegations made by the plaintiff is necessary in order to decide this question.

In his complaint the plaintiff alleges that on October 31, 1918, he suffered the loss of an arm while working as an employee of the defendants near a coffee-hulling machine, due to the negligence of the defendant in not having removed from the drum of the machine a hand-crank which was formerly used for driving the machine in connection with a wheel and a lever, but is not now necessary because the machine is driven by an oil motor; that because of such negligence the crank of the drum entangled a sack which he had over his head and shoulders as a protection from the drippings from the coffee berries on the upper floor; that his arm was also caught and broken; that he earned forty cents a day.

When the accident occurred the Workmen's Accident Compensation Act of February 25, 1918, was in force, section 33 of which provides that the Act shall apply to accidents occurring subsequent to June 30, 1918.

Section 2 of the Act provides that the Act shall apply to laborers injured, disabled or killed by accidents occurring while engaged in their work, but that it shall not apply to any employer who regularly employs less than three laborers or to any laborer whose wages exceed the sum of $1,200 annually. The compensation to which a laborer is entitled, which is governed by the same Act, may be claimed by him from the Workmen's Relief Commission (section 8) therein created. Section 21 of the Act provides that nothing contained in the Act shall be interpreted as depriving the injured

workman, or his heirs, in case of death, of waiving the provisions of the Act at any time prior to receiving compensation thereunder, and to claim and recover damages from his employer, in accordance with the provisions of law existing before the said Act went into effect, when the injuries sustained by the said workman were caused by the illegal act or wilful misconduct of his employer; provided, that only in case of waiver shall the workman comprised in the said Act, or his heirs in accordance therewith, have the right to institute an action for damages against the employer.

Consequently, as the plaintiff does not allege that his employer was employing less than three workmen, in order to show that the said plaintiff was not bound by the provisions of the Act, he had to allege that he had received no compensation thereunder and that the injuries suffered were the result of the wrongful act or the criminal negligence of his employer in order to make the complaint adduce facts sufficient to constitute a cause of action for the recovery of damages from the defendant.

For the said reason the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.